NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 15, 2007[*]
Decided August 21, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3100

| | |
|---|---|
| AIME N. NZOLA, <br> *Petitioner,* | Petition for Review of an Order of the <br> Board of Immigration Appeals. |
| *v.* | No. A97-550-849 |
| ALBERTO R. GONZALES, Attorney <br> General of the United States, <br> *Respondent.* | |

**O R D E R**

Aime Nzola entered the United States from the Democratic Republic of the Congo ("DRC") on a student visa in September 1991.  He attended college for only two semesters.  Afterward, he worked a variety of jobs and fathered two daughters with a woman with whom he ended his relationship in 1996 or 1997.  His daughters are currently 11 and 12 years old and live with their mother, though Nzola

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

contributes to their financial support and usually visits with them weekly.  In November 2005 the Department of Homeland Security issued a Notice to Appear charging that Nzola is subject to removal for failing to comply with the terms of his student visa.  Nzola then applied for asylum, withholding or cancellation of removal, and protection under the Convention Against Torture ("CAT").  At his merits hearing, Nzola testified about the persecution he allegedly endured in the DRC and about the hardship his daughters will experience if he is removed.

The Immigration Judge found Nzola not credible and denied all relief in March 2006.  Nzola appealed to the Board of Immigration Appeals but contested only that aspect of the IJ's decision denying him cancellation of removal on the basis of hardship to his daughters.  The BIA affirmed, reasoning that Nzola's limited ability to contact and support his daughters from the DRC would not pose substantially greater hardship for the children than what might ordinarily be expected to result from deportation.

Nzola petitions for review, but we cannot consider his arguments concerning asylum, withholding of removal, or the CAT because he raised none of these arguments before the BIA.  *See* 8 U.S.C. § 1252(d)(1); *Pjetri v. Gonzales*, 468 F.3d 478, 481 (7th Cir. 2006); *Margos v. Gonzales*, 443 F.3d 593, 598-99 (7th Cir. 2006).  Moreover, we do not have jurisdiction to review the denial of Nzola's request for cancellation of removal, because that determination is delegated entirely to the discretion of the Attorney General.  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Maldonado v. Gonzales*, 437 F.3d 679, 682 (7th Cir. 2006); *Leyva v. Ashcroft*, 380 F.3d 303, 305 (7th Cir. 2004).

The petition for review is DENIED.